[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Kenneth Whitten appeals the decision of the defendant Freedom of Information Commission (FOIC) which dismissed his complaint to that agency following a hearing. The plaintiff's appeal is brought pursuant to General Statutes1-21; and 4-183. The court finds the issues in favor of the defendant FOIC.
The essential facts giving rise to this appeal are undisputed. On February 5, 1990, the Inland Wetlands and Watercourses Agency of the Town of Woodstock held a meeting to consider the plaintiff's application for a building permit. At the February 5 meeting, the Wetlands Agency voted to deny the application. On February 9, 1990, the chairman of the Wetlands Agency, Mr. Cassedy, wrote the plaintiff to inform him that his application was denied. In that letter, Mr. Cassedy stated that the application was denied "due to the limited buildable area and close proximity to a sensitive wetland area with possible future contamination and pollution to the area." The plaintiff has appealed that denial of his application to this court in a separate proceeding.
In his complaint to the FOIC, the plaintiff alleged that the decision to deny his application was reached during a secret meeting of the Wetlands Agency, from which he was excluded, which was held some time between February 5 and February 9. The basis of his allegation is that the reason for the denial as stated by the chairman in his February 9 CT Page 3097 letter was never discussed by the Wetlands Agency previously, and in particular, it was not discussed at the February 5 meeting. Therefore, the plaintiff claims, the members of the Wetlands Agency must have met at another time, in secret, when they formulated that reason. As a remedy, the plaintiff requested the FOIC to declare null and void the Wetlands Agency's action in denying his application, presumably in accordance with General Statutes 1-21 (b).
The FOIC held a hearing on the plaintiff's complaint on December 6, 1990. At the hearing, the plaintiff appeared and testified and introduced documentary evidence in support of his position. He also cross-examined witnesses for the Wetlands Agency. These included the chairman, Mr. Cassedy, and another member, Mr. Larson. The plaintiff testified that the absence of any discussion at the February 5 meeting concerning the reasons for denying his application and then Mr. Cassedy's letter which sets forth a reason constitute circumstantial evidence of a secret meeting where the reason was formulated. He admitted that he had no direct evidence of any such secret meeting. Mr. Cassedy and Mr. Larson testified that there was no such secret meeting. Mr. Cassedy testified that the reason he stated in his letter were a summary of the reasons advanced at different times during previous public hearings.
In its proposed finding and then in its final decision, the FOIC found that "there was insufficient evidence presented at [the] hearing to prove that there was an illegal unnoticed meeting of the [Wetlands Agency] to discuss the [plaintiff's] application." Based on that finding, the FOIC dismissed the complaint.
As a preliminary matter, the FOIC questions the plaintiff's aggrievement. Specifically, the FOIC argues that the plaintiff is seeking only to know the process by which the Wetlands Agency reached its decision and how its reasons were formulated. See plaintiff's brief to this court, p. 2. However, the thrust of the plaintiff's appeal to this court is that the FOIC failed to nullify the Wetlands Agency action and that that failure injuriously affected his personal and legal interests. It is sufficient for the plaintiff to show that there is a possibility, as distinguished from a certainty, that he is aggrieved. Light Rigging Co. v. DPUC, 219 Conn. 168,173 (1991). The court holds that the plaintiff has demonstrated aggrievement.
The plaintiff cannot prevail, however, on the merits of his appeal. The essence of his position is that the FOIC failed to state in its decision detailed findings concerning CT Page 3098 how the Wetlands Agency reached its decision denying the plaintiff's wetlands application. The only issue properly before the FOIC, however, was whether or not a secret meeting was ever held by the Wetlands Agency. On that issue, the FOIC heard the testimony and considered the evidence summarized above.
With regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." CLP v. DPUC, 219 Conn. 51, 57 (1991). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his findings . . ., the decision must be upheld." Conn. Building Wrecking Co. v. Carothers, 218 Conn. 580, 601 (1991). In this case, therefore, it is the court's duty only to consider whether the evidence before the FOIC was sufficient for that agency to find that no secret meeting was held. Clearly, the testimony of the two members of the Wetlands Agency, if believed by the FOIC, was sufficient to support such a finding. That being so, the court has no power to override the FOIC's finding even if the plaintiff presented conflicting evidence.
The plaintiff appears to be seeking from the FOIC and this court a more detailed explication of the Wetlands Agency's decision. Such factual findings, however, would not be necessary to support the FOIC's decision on the secret meeting issue, which was resolved entirely on the basis of evidence at the FOIC hearing. The basis of the Wetlands Agency decision might be an issue in the plaintiff's appeal from that agency's decision, but that is for another day in another court.
Pursuant to General Statutes 4-183 (j), the court must affirm the FOIC's decision unless it finds that the decision violated some provision of statutory, constitutional or common law. The court finds that no such law was violated. Accordingly, the FOIC decision is affirmed.
The plaintiff's appeal is dismissed.
MALONEY, JUDGE